UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>    v.<br>ADREAL WADLEY,<br>                    Defendant. | Case No. 3:22-cr-00058-MMD-CSD-1<br><br>ORDER |

**I.    SUMMARY**

Defendant Adreal Wadley served non-party Sparks Police Department ("SPD") with a subpoena requesting records related to a K-9 and its handler after the Court found good cause and granted Defendant's ex parte application. (ECF Nos. 25, 26.) Before the Court is SPD's Motion to Quash Subpoena Duces Tecum. (ECF No. 29 ("Motion").) The Court has reviewed Defendant's response (ECF No. 35) and SPD's reply (ECF No. 38). Because the Court finds that the subpoena is not an improper attempt to conduct discovery, and for the reasons discussed below, the Court denies the Motion. However, the Court directs defense counsel and SPD to meet and confer regarding modifications to the scope of subpoenaed information.

**II.    DISCUSSION**

SPD asks the Court to quash the subpoena because "Defendant is improperly attempting to obtain discovery in a criminal case" and because the subpoena is oppressive and unreasonable in its scope. (ECF No. 29 at 3.) *See* Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive"); *United States v. Nixon*, 418 U.S. 683, 702 (1974) (emphasizing that this inquiry is committed to the "sound discretion of the trial court"). SPD argues that Defendant is attempting to use the subpoena power

provided by Federal Rule of Criminal Procedure 17 to circumvent the narrow rights laid out in Rule 16, which governs discovery in criminal cases. (ECF No. 29 at 5.) SPD argues that the subpoena amounts to a "fishing expedition" and that Defendant should seek any exculpatory material or other discovery from the prosecution, not the police department. (*Id.* at 5-6.) Defendant responds that SPD misunderstands the relationship between Rules 16 and 17 and that the defense subpoena power is available in these circumstances. (ECF No. 35 at 3.) He argues that he is not required to seek this information from the prosecution under Rule 16—and, regardless, that he has already attempted to do so. (*Id.* at 3-4.) Moreover, Wadley argues, the information requested is relevant, admissible and calibrated to the needs of his defense. (*Id.* at 5-8.) The Court agrees with Defendant that the subpoena is not an "unreasonable attempt to commit discovery" but finds that SPD and defense counsel must meet and confer to determine reasonable scope.

To start, the general standard for obtaining a pre-trial subpoena is well-established, and SPD oversimplifies the relationship between Rule 16 discovery and Rule 17 subpoena power. It is true, as SPD emphasizes at length, that defendants' entitlement to discovery is limited and a subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698; *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Such a subpoena is instead intended primarily to allow for access to and inspection of *evidentiary* documents to expedite trial, a Sixth Amendment confrontation right. *See* Fed. R. Crim. P. 17(c) ("A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."); *Bowman Dairy Co.*, 341 U.S. at 220; *United States v. Tomison*, 969 F. Supp. 587, 593-94 (E.D. Cal. 1997) (discussing Rule 17 subpoenas and the Sixth Amendment right to pre-trial production of evidence). Considering Rule 17's narrow purpose in *United States v. Nixon*, the Supreme Court provided guidance on subpoenas and their limitations as a tool for production of evidence. *See* 418 U.S. at 698-702. The *Nixon* Court emphasized

that in order to require production of documents before trial under Rule 17(c), a movant "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700. In other words, the movant must show "(1) that the documents sought are evidentiary and relevant; (2) that they are not otherwise procurable in advance of trial by the exercise of due diligence; (3) that the movant cannot properly prepare for trial without such production; and (4) that the application is made in good faith, and not as a general "fishing expedition." *Id.* at 699 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). When a defendant satisfies these requirements, a subpoena is not "unjustified discovery," and it does not bypass Rule 16.

While SPD argues that Defendant is required to seek the requested records through the government through discovery, rather than from SPD directly, this position is not supported by the Federal Rules of Criminal Procedure. Rule 17 is regularly used to seek records from third parties under the *Nixon* analysis.[1] *See, e.g.*, *United States v. Scovis*, 743 F. App'x 795 (9th Cir. 2018) (involving a subpoena for materials possessed by the California State Teachers Retirement System and applying the *Nixon* analysis); *United States v. Mays*, 246 F.3d 677 (9th Cir. 2000) (applying the *Nixon* analysis to a subpoena for materials possessed by the California Highway Patrol and local police departments); *United States v. Wheeler*, No. 2:13-CR-00084-APG, 2013 WL 5781731, at *3 (D. Nev. Oct. 25, 2013) (ordering issuance of subpoenas seeking production of documents relating to training, certification, and performance of a K-9 and his handler).

---

[1] In *Nixon*, the Court declined to consider whether the requirements of relevancy, admissibility and specificity apply with equal stringency when a defendant seeks documents from a third party rather than from the government. *See* 418 U.S. at 700 n. 12 (reserving the issue of whether the restriction on discovery applies "in its full vigor when the subpoena duces tecum is issued to third parties rather than to government prosecutors"). Some courts have suggested that the standard for issuing a subpoena to a third party should be lower than the standard applied to subpoenas seeking information in the hands of the government. *See, e.g.*, *Tomison*, 969 F. Supp. at 593 n. 14 ("The notion that because Rule 16 provides for discovery, Rule 17(c) has no role in the discovery of documents can, of course, only apply to documents in the government's hands; accordingly, Rule 17(c) may well be a proper device for discovering documents in the hands of third parties.").

*See also United States v. Conner*, No. 3:20-CR-00002-JMK, 2022 WL 160495, at *9 (D. Alaska Jan. 18, 2022) (ordering exclusion of testimony related to a K-9 alert after a law enforcement agency failed to comply with a lawful subpoena seeking the K-9's records). SPD also supports its proposition by citing caselaw that implicates only Rule 16's limitations on discoverable material, where the applicable standard for third-party subpoenas under Rule 17 is not at issue. (ECF No. 38 at 2.) *See United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007) (finding that evidence becomes discoverable under *Rule 16* only when state authorities place it in the hands of federal authorities, but not addressing a situation in which a defendant uses Rule 17 and meets its requirements).

Here, the Court is satisfied that the majority of the information sought in Wadley's Subpoena is relevant, admissible, and specific—and that this information is requested with due diligence and in good faith. The Court already considered the relevancy and admissibility of the requested records when it reviewed Defendant's ex parte subpoena application, finding that Wadley demonstrated good cause. (ECF Nos. 25, 26.) The Court finds no reason to find differently at this stage. The requested K-9 and handler records clearly relate to the "purported[] legal basis for accessing the searched vehicle" and to defenses that may be raised at trial (ECF No. 35 at 6 n. 5) and therefore pass the relevance and admissibility thresholds. *See also United States v. Toomer*, No. 2:17-cr-00193-LRH-CWH, 2018 WL 3745815, at *5 (D. Nev. Aug. 6, 2018) (finding that "there must be sufficient likelihood that the requested material is relevant to the offenses charged in the indictment").

As to specificity, the Court also finds that Defendant is not attempting to exercise an "unadulterated right to paw through the prosecutor's files," as SPD suggests. (ECF No. 29 at 4.) *See Pennsylvania v. Richie*, 480 U.S. 39, 59 (1987). Notwithstanding the use of "any and all" language in the subpoena, the K-9 records requested are tailored to a specific dog, thus implicitly applying to a discreet timeframe, and are distinguishable from expansive records requested in the cases SPD cites. (ECF Nos. 29 at 7, 35 at 7-8.) *See, e.g.*, *Scovis*, 743 F. App'x at 799 (finding that a request for "any and all records"

from a bank account without time limitation lacked specificity); *Mays*, 2000 WL 1860727 at *1 (finding that a request for all documents related to all disciplinary action taken by the California Highway Patrol and the San Bernardino Police Department against lieutenants, sergeants, and officers without any time limitation lacked specificity). The Court notes that Defendant's second set of requested records, which relates to the canine handling officer, includes broader categories of information than the first set, which relates to the K-9 itself. (ECF No. 35 at 8.) While the Court declines to quash the subpoena and finds that it is not oppressive, Defense counsel and SPD are directed to meet and confer regarding its reasonable scope.[2]

### III.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Sparks Police Department's Motion to Quash Subpoena Duces Tecum (ECF No. 29) is denied.

Defendant and Sparks Police Department are further directed to meet and confer regarding modifications to the scope of the subpoena within 14 days. Defendant is directed to file a notice with the Court seeking court intervention if the parties cannot reach a resolution. The Court will set a hearing to resolve any dispute without any need for further briefing.

DATED THIS 30th Day of November 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] While K-9 records requested are specific, some of the requested records related to the K-9's handling officer—especially those which may not relate to canine searches—appear to be less connected to Wadley's defense and to lack specificity. Defendant and SPD should confer with particular regard to this set of officer records.